IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROCHELLE THOMAS-BOYD, as Administratix of the Estate of Tasharra LaChelle Thomas, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:21-CV-22 |
| SHERIFF DANNY ROGERS, in his official capacity as Sheriff of Guilford County and in his individual capacity, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This action arises from the death of Tasharra Thomas while she was in custody at the Guilford County Detention Center. Her mother, Rochelle Thomas-Boyd, brings this action in her capacity as administratrix of Ms. Thomas's estate, asserting various state and federal claims against a number of defendants. Three of the defendants, Sheriff Danny Rogers, former Sheriff BJ Barnes, and their surety, Travelers Casualty and Surety Company, now move to dismiss some of the claims against them. The motion will be granted except as to her negligent retention claim against Sheriff Rogers in his official capacity. That claim and the claims not addressed by the motion will proceed.

I. Overview

According to the complaint, Ms. Thomas was arrested on drug possession charges and detained at the Guilford County Detention Center on April 29, 2018. Doc. 5 at ¶ 30.

Detention staff and health care providers failed to respond to Ms. Thomas's medical situation and drug withdrawal symptoms in a timely manner, *see, e.g.*, *id*. at ¶¶ 63–64, 71, and there are indications that she was physically assaulted during her detention. *Id*. at ¶¶ 70–72. On May 2, 2018, an officer at the detention center found Ms. Thomas unresponsive in her cell and Emergency Medical Services pronounced her dead later that day. *Id*. at ¶¶ 67–68. Other allegations will be discussed in connection with the specific issues raised by the pending motions.

After receiving an extension of time, Doc. 1-2, Ms. Thomas-Boyd filed her complaint in Guilford County Superior Court on November 25, 2020. Doc. 5 at 1. On behalf of her daughter's estate, Ms. Thomas-Boyd brings several state and federal law claims for injuries suffered by her daughter before death as well as wrongful death claims pursuant to federal and state law. The defendants removed to this Court based on federal question jurisdiction. Doc. 1; *see* 28 U.S.C. §§ 1331, 1441(a), 1466.

The defendants fall into two groups: the County defendants and the Wellpath defendants. The County defendants are comprised of Sheriff Rogers, former Sheriff Barnes, and the sheriff's surety, Travelers Casualty and Surety. *See* Doc. 15. The Wellpath defendants are comprised of Wellpath, LLC, (formerly known as Correctional Care Solutions, LLC, Doc. 5 at ¶ 19) and Correctional Health Companies. *See* Doc. 19. Both groups have moved to dismiss the complaint. Docs. 15, 19.

## II. Claims Against the County Defendants

The complaint contains 15 causes of action under federal and state law, *see* Doc. 5 at ¶¶ 77–183; 11 are asserted against the County defendants. The federal claims allege

2

violations of the decedent's Fourth, Eighth, and Fourteenth Amendment rights via 42 U.S.C. § 1983. *See id*. at ¶¶ 100–22, 167–77 (showing the third, eleventh, twelfth, and thirteenth causes of action). The state claims allege wrongful death and various other injuries stemming from medical malpractice, negligence, and battery. *See id*. at ¶¶ 77–90, 123–26, 156–66, 178–83 (showing the first, fourth, fifth, ninth, tenth, fourteenth, and fifteenth causes of action).

In paragraph 17 of the complaint, Ms. Thomas-Boyd summarizes many of the wrongful acts allegedly committed by the County defendants. These include, *inter alia*, failure to provide appropriate medical treatment; failure to keep a special watch over Ms. Thomas while she was in custody; failure to contact emergency medical services; failure to transport Ms. Thomas to a hospital after she showed withdrawal symptoms; failure to perform in-person cell checks and monitoring; assaulting Ms. Thomas or allowing her to be assaulted repeatedly; and giving Ms. Thomas access to illegal drugs while she was in custody. *See id*. at ¶ 17. The County defendants respond in the pending motion with an immunity defense and further contend that many of Ms. Thomas-Boyd's claims are either redundant or inadequately pled. *See generally* Doc. 16.

### III. Violations of Fourth and Eighth Amendment Rights via § 1983

Ms. Thomas-Boyd asserts claims for violation of her daughter's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. *See, e.g.*, Doc. 5 at ¶¶ 105, 108, 111, 120, 121, 167, 172, 175. As discussed *infra*, only the Fourteenth Amendment applies here, and her Fourth and Eighth Amendment claims will be dismissed.

The Eighth Amendment prohibits cruel and unusual punishment, but it only applies after the state "has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). It does not apply to a pretrial detainee, like Ms. Thomas, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983), who cannot be punished at all. *Kingsley v. Hendrickson*, 576 U.S. 389, 400–01 (2015).

The Due Process Clause of the Fourteenth Amendment requires the government to provide medical care to persons in their custody, and those due process rights are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See Bell*, 441 U.S. at 535 n.16, 545. Ms. Thomas-Boyd recognizes that *Bell v. Wolfish* controls, Doc. 22 at 11,[1] and cites no legal support for her position that an Eighth Amendment claim can survive Rule 12(b)(6) scrutiny. Her Eighth Amendment claims will be dismissed.

The Fourth Amendment governs excessive force claims during an arrest, investigatory stop, or other "seizure" of a person. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The Fourth Amendment's prohibition on unreasonable seizures does not apply to an excessive force claim once someone has been arrested and confined in a jail. *See Robles v. Prince George's Cnty.*, 302 F.3d 262, 269 (4th Cir. 2002) (holding that once a plaintiff's initial arrest was consummated and he was confined at the local jail in pretrial

---

[1] "The Supreme Court's *Bell* decision assessed the claims of pretrial detainees in the federal system and thus applied the Fifth Amendment's Due Process Clause," but the same principles "apply to state pretrial detainees by way of the Fourteenth Amendment." *Williamson v. Stirling*, 912 F.3d 154, 174 n.15 (4th Cir. 2018).

4

custody, the Fourth Amendment became inapplicable to his subsequent claims for excessive force).  Ms. Thomas-Boyd cites no case to the contrary.  The Fourth Amendment claims will be dismissed.

### IV. Official Capacity Claims Against Sheriff Barnes

Ms. Thomas-Boyd asserts official capacity claims against both Sheriff Rogers and former Sheriff Barnes.  She alleges that Sheriff Barnes was the duly elected sheriff of Guilford County and the employer of the detention officers identified in the complaint at the time of her daughter's death, Doc. 5 at ¶¶ 1, 3, 10–16; that Sheriff Barnes left office in December 2018, *id*. at ¶ 3; and that Sheriff Rogers is now the duly elected Sheriff of Guilford County.  *Id.*

On these allegations, Sheriff Rogers is the sole proper party for all official capacity claims, both federal and state, asserted in the complaint.  *See* Fed. R. Civ. P. 25(d) (stating that following an officer's separation of office, their successor is automatically substituted as a party); N.C. R. Civ. P. 25(f)(1) (same).  Because the former sheriff "no longer holds the office of Sheriff, he does not have an official capacity in which he can be sued."  *Briggs v. Waters*, No. 2:06-cv-154, 2006 WL 1982758, at *2 (E.D. Va. June 28, 2006).  Moreover, the official capacity claims against Sheriff Barnes are redundant to the official capacity claim against Sheriff Rogers.  *See Layman ex rel Layman v. Alexander*, 343 F. Supp. 2d 483, 488–89 (W.D.N.C. 2004) (dismissing official capacity claims against Sheriff's Detention Officers as "redundant" of claims against the Sheriff's Office and the High Sheriff); *Ramsey v. Schauble*, 141 F. Supp. 2d 584, 591 (W.D.N.C. 2001) (dismissing "redundant" official capacity claims against deputy).

5

Ms. Thomas-Boyd does not address the County defendants' argument that the official capacity claims against Sheriff Barnes should be dismissed. *See generally* Doc. 22. The County defendants' motion to dismiss these claims against Sheriff Barnes in his official capacity will be granted.

## V. Individual Capacity Claims Against Sheriff Rogers

Ms. Thomas-Boyd brings several federal and state law claims against Sheriff Rogers in his individual capacity. But she specifically alleges that Sheriff Rogers did not assume office until December 2018, some seven months after her daughter's death. Doc. 5 at ¶¶ 1, 3. She has not alleged any facts tending to indicate that Sheriff Rogers had any role in the events that led to Ms. Thomas's death.

To establish personal liability under § 1983, a plaintiff must affirmatively show that the charged official personally deprived the plaintiff of her rights. *See Williamson*, 912 F.3d at 171. "The official's own individual actions must have violated the Constitution." *Id*. (cleaned up). Ms. Thomas-Boyd has not alleged any such facts, and she has not stated any claim against Sheriff Rogers in his individual capacity.[2]

Ms. Thomas-Boyd contends that Sheriff Rogers can be liable in an individual capacity for "refusing to conduct an investigation" into her daughter's death and for participating in a "cover up." Doc. 22 at 14. The complaint, however, contains no such

---

[2] The Court notes that Ms. Thomas-Boyd's fifteenth cause of action is labelled as a claim for "*Respondeat Superior*." Doc. 5 at ¶¶ 181–83. As pled, this cause of action is only related to her state law claims. *See id.* at ¶ 183. The law has long been clear there is no *respondeat superior* liability for constitutional violations. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Williamson,* 912 F.3d at 171.

6

allegations.  She does allege that Sheriff Rogers conducted an "inadequate" investigation, Doc. 5 at ¶ 4, but she does not provide any factual details to support this conclusory assertion, nor does she explain how this alleged failure is sufficient to state any claim.

Ms. Thomas-Boyd also contends that Sheriff Rogers is personally liable for "ratifying" the unconstitutional behavior of his employees.  Doc. 22 at 14.  Ratification of an unconstitutional custom or policy is a commonly used theory to establish municipal liability under § 1983, but Ms. Thomas-Boyd has not cited any case holding that an official's post-incident ratification of or acquiescence to a several-months-past constitutional violation is sufficient for individual liability under § 1983.[3]

All the claims against Sheriff Rogers in his individual capacity will be dismissed.

## VI. Tenth Cause of Action ("Negligent Retention") Against Sheriff Rogers and Sheriff Barnes

Ms. Thomas-Boyd asserts a state law "negligent retention" claim against both Sheriff Rogers and Sheriff Barnes for "retaining CCS to provide medical services and treatment to inmates."  Doc. 5 at ¶¶ 161–63.  Because the Court is dismissing the claims against Sheriff Rogers in his individual capacity and the claims against Sheriff Barnes in his official capacity on other grounds, *see supra*, the Court need only resolve the negligent retention claim against Sheriff Rogers in his official capacity and against Sheriff Barnes in his individual capacity.

---

[3] Ms. Thomas-Boyd relies on two Sixth Circuit cases in support of her contention that Sheriff Rogers is liable in an individual capacity, Doc. 22 at 14–18, but both of those cases involve exclusively official capacity claims.  *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1242 n.1 (6th Cir. 1989) (affirming judgment against a sheriff and mayor in their official capacities); *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985) ("[T]he Sheriff is sued here in his official capacity.").

7

The County defendants contend that a negligent retention claim does not exist outside the traditional employer-employee relationship and is inapplicable to an independent contractor relationship, Doc. 16 at 16–18, as the pleadings show is the case here.  While the County defendants are correct that persons who hire independent contractors are generally not liable for the contractor's actions, that is a rule with exceptions.  *See, e.g.*, *Woodson v. Rowland*, 329 N.C. 330, 352, 407 S.E.2d 222, 235 (1991) (holding that someone who hires an independent contractor to engage in hazardous operation is liable for the contractor's actions); *Page v. Sloan*, 281 N.C. 697, 702, 190 S.E.2d 189, 192 (1972) (innkeeper's duty to provide safe property is non-delegable); *see generally Little v. Omega Meats I, Inc.*, 171 N.C. App. 583, 586–88, 615 S.E.2d 45, 47–49 (2005) (discussing the duty owed to a third-person by the employer of an independent contractor); *Page v. Sloan*, 12 N.C. App. 433, 439, 183 S.E.2d 813, 817 (1971), *aff'd,* 281 N.C. 697, 190 S.E.2d 189 (1972) (quoting the Restatement for the proposition that "[a]n employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor . . . to perform any duty which the employer owes to third persons.").

Given the nature of a sheriff's duties to inmates in his custody, *see generally Simmons v. Corizon Health, Inc.*, 122 F. Supp. 3d 255, 266 (M.D.N.C.), *on reconsideration in part on other grounds*, 136 F. Supp. 3d 719 (M.D.N.C. 2015), this argument would be better evaluated on a developed factual record and with the assistance of additional briefing.

8

The negligent retention claim against Sheriff Barnes in his individual capacity, however, is subject to dismissal on public officer immunity grounds because the claim describes nothing more than mere negligence. Under public officer immunity, "a public official is generally immune from personal liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties." *See Schlossberg v. Goins*, 141 N.C. App. 436, 445, 540 S.E.2d 49, 56 (2000) (cleaned up). "Malice" in this context means that the act was "contrary to [the Sheriff's] duty and which he intend[ed] to be prejudicial or injurious to another." *Green v. Kearney*, 203 N.C. App. 260, 273, 690 S.E.2d 755, 765 (2010) (quotation omitted).

Here, Ms. Thomas-Boyd alleges that Sheriff Barnes had "constructive knowledge" of some national publicity surrounding Wellpath/CCS's history of "substandard" medical care in jails. Doc. 5 at ¶ 161. At most, this is nothing more than negligence, not malice or reckless indifference. Ms. Thomas-Boyd has not identified any other allegations that would raise the sheriff's conduct to the required level. The claim for negligent retention will be dismissed as to Sheriff Barnes in his individual capacity. *See Schlossberg*, 141 N.C. App.at 445, 540 S.E.2d at 56.[4] The claim for negligent retention against Sheriff Rogers in his official capacity will proceed.

---

[4] The County defendants contend that Ms. Thomas-Boyd's negligent retention claim fails to incorporate all the allegations in the complaint and that the Court is limited to the few facts alleged under the heading for this cause of action. Doc. 24 at 8–9. That is a hyper-technical reading and inconsistent with the general requirement to evaluate a complaint in its entirety, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 448 (4th Cir. 2011), and in the light

9

## VII. Eleventh, Twelfth, and Thirteenth Causes of Action

In addition to her § 1983 claim in the third cause of action for violations of the Fourteenth Amendment, Doc. 5 at ¶¶ 100–22, Ms. Thomas-Boyd purports to bring three more claims via § 1983 in her eleventh, twelfth, and thirteenth causes of action. *See id*. at ¶¶ 167–77. The County defendants contend that these additional claims are redundant to the claims in her third cause of action and her first cause of action, a wrongful death claim under state statute. *Id*. at ¶¶ 77–90. The Court agrees that the claims are redundant to the third cause of action and they will be dismissed.

The Court has already decided that the Fourth and Eighth Amendment claims asserted in the eleventh and twelfth causes of action should be dismissed. *See supra*. The thirteenth cause of action is limited by its terms to a Fourteenth Amendment violation. *Id*. at ¶ 175. As such, the eleventh, twelfth, and thirteenth causes of action now only allege Fourteenth Amendment violations that are redundant to the Fourteenth Amendment violations alleged in the third cause of action.

Ms. Thomas-Boyd also requests the same damages for the same constitutional violations in the eleventh and twelfth causes of action as she does in the third cause of

---

most favorable to the plaintiff. *See, e.g.*, *Lucero v. Early*, 873 F.3d 466, 469 (4th Cir. 2017). That said, the Court is not required to itself look through a 27-page complaint to identify factual allegations that support Ms. Thomas-Boyd's reckless indifference argument. Her assertion that "various actions" and unspecified "misconduct alleged in this case," Doc. 22 at 22, without citation to the record, does not assist the Court. *Cray Commc'ns. v. Novatel Comp. Sys.*, 33 F.3d 390, 395–96 (4th Cir.1994) (noting that the district court is "well within its discretion in refusing to ferret out the facts that counsel had not bothered to excavate."); *Hughes v. B/E Aerospace, Inc.*, No. 1:12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do."). The Court did see a passing reference to "corruption" in the jail, Doc. 5 at ¶ 73, but that conclusory and vague assertion does not raise a plausible claim that Sheriff Barnes acted with malice in retaining Wellpath.

action.  Specifically, in the third cause of action, she repeatedly alleges that the County defendants violated her daughter's due process rights, causing various injuries and damages before her daughter's death.  *See, e.g.*, *id*. at ¶¶ 103–09, 112, 116.  She makes the same claim in the twelfth cause of action, which she calls a "Survival Action."  *Id*. at ¶ 172.  Similarly, she characterizes the eleventh cause of action as a "§ 1983 – Wrongful Death" claim, *id*. at ¶ 167, but she explicitly requests damages under the state wrongful death statute in the third cause of action.  *Id*. at ¶ 113.

Ms. Thomas-Boyd has not explained why separate causes of action are necessary.  Dismissing the eleventh and twelfth causes of action will not prejudice her or prevent her from recovering the damages she seeks pursuant to her third cause of action.  The County Defendants do not contend that she would not be entitled to these kinds of damages if she prevails on her constitutional claims.  For purposes of judicial economy and to avoid confusion, the eleventh and twelfth cause of action will be dismissed as redundant.

As for the thirteenth cause of action, Ms. Thomas-Boyd characterizes it as a § 1983 claim for "deprivation of the right to familial relationships with the decedent."  *Id*. at ¶¶ 174–77.  She confusingly alleges that the defendants' violated "the rights of Tasharra's immediate family," *id*. at ¶ 176, and that she, Ms. Thomas-Boyd, sustained damages of grief, emotional distress, pain and suffering, and loss of comfort and society.  *Id*. at ¶ 177.  In large part, this cause of action duplicates the damages available under North Carolina's wrongful death statute.  *See* N.C. Gen. Stat. § 28A-18-2(b)(4) (providing various kinds of damages for the value of the decedent to "the persons entitled to receive the damages recovered").  To that extent, the thirteenth cause of action is

11

redundant to the damages requested under the first and third causes of action and should be dismissed on the same grounds as the eleventh and twelfth causes of action. To the extent she is alleging that the constitutional "rights of Tasharra's immediate family" have been violated or that Ms. Thomas-Boyd is entitled to damages personally, this cause of action fails to state a claim and will be dismissed for that reason.

## VIII. Conclusion

The County defendants' motion to dismiss will be granted in part and otherwise denied. The eleventh, twelfth, and thirteenth causes of action will be dismissed in their entirety. To the extent Ms. Thomas-Boyd asserts a Fourth or Eighth Amendment claim in the third cause of action, those claims will also be dismissed. All claims against former Sheriff Barnes in his official capacity and all claims against the current Sheriff Rogers in his individual capacity will be dismissed. The tenth cause of action for negligent retention is dismissed to the extent it asserts a claim against Sheriff Barnes in his individual capacity.

The motion is denied to the extent it seeks dismissal of the negligent retention claim against Sheriff Rogers in his official capacity. This claim and the claims not addressed in the motion will proceed. Specifically, and using the numbered cause of action and summary claim names set forth in the complaint, the following claims against the following County defendants will proceed:

| Cause of Action Number | Claim | Defendant(s) |
|---|---|---|
| First Cause of Action | State Law Wrongful Death | Rogers (official capacity) Barnes (individual capacity) |
| Third Cause of Action | § 1983 Fourteenth Amendment Violation only | Rogers (official capacity) Barnes (individual capacity) |

12

| Fourth Cause of Action | State Law § 162-55 Violation | Rogers (official capacity) Barnes (individual capacity) |
| --- | --- | --- |
| Fifth Cause of Action | State Law § 162-50 Violation | Rogers (official capacity) Barnes (individual capacity) |
| Ninth Cause of Action | Action on Bond | Travelers |
| Tenth Cause of Action | State Law Negligent Retention | Rogers (official capacity) |
| Fourteenth Cause of Action | State Law Battery | Rogers (official capacity) Barnes (individual capacity) |
| Fifteenth Cause of Action | State Law *Respondeat Superior* | Rogers (official capacity) Barnes (individual capacity) |

It is **ORDERED** that:

1. The motion to dismiss by the defendants, Sheriff Danny Rogers, former Sheriff BJ Barnes, and their surety Travelers Casualty and Surety Company of America, Doc. 15, is **GRANTED in part** as follows:

    a. The eleventh, twelfth, and thirteenth causes of action are **DISMISSED**;

    b. The third cause of action is **DISMISSED** to the extent it asserts a claim for violation of the decedent's Fourth or Eighth Amendment rights;

    c. All claims against Sheriff Barnes in his official capacity and all claims against Sheriff Rogers in his individual capacity are **DISMISSED**;

    d. The tenth cause of action is **DISMISSED** to the extent it asserts a claim against Sheriff Barnes in his individual capacity;

2. The motion is otherwise **DENIED**.

This the 3rd day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE

13